UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAVID GORDON OPPENHEIMER,

                              Plaintiff,

        – against –

HAUTE MEDIA LLC,

KAMAL HOTCHANDANI d/b/a HAUTE MEDIA
GROUP d/b/a HAUTE LIVING MEDIA GROUP,

SETH SEMILOF d/b/a HAUTE MEDIA GROUP d/b/a
HAUTE LIVING MEDIA GROUP d/b/a HAUTE
LIVING, and

HAUTE LIVING INC.,

                              Defendants.

**JURY TRIAL REQUESTED**

Index No.

ECF CASE

**COMPLAINT**

1.      Plaintiff David Gordon Oppenheimer, by his attorney, Law Office of Ariel Berschadsky, files this complaint for copyright infringement against Defendants Haute Media LLC, Kamal Hotchandani d/b/a Haute Media Group, Seth Semilof d/b/a Haute Media Group d/b/a Haute Living Media Group d/b/a Haute Living, and Haute Living Inc., and states as follows:

## THE PARTIES

2.      Plaintiff is a citizen and resident of Asheville, North Carolina.

3.      Defendant Haute Media LLC is a limited liability company formed and existing under the laws of the State of New York, with its principal office at 1133 Broadway, Suite 706, New York, NY 10010.

1

4.      Defendant Kamal Hotchandani is an individual doing business as Haute Media Group and Haute Living Media Group, entities that maintain a primary place of business at 110 Green Street, Suite 1104, New York, NY 10012.

5.      Defendant Seth Semilof is an individual doing business as Haute Media Group, Haute Living Media Group, and Haute Living, entities that maintain a primary place of business at 110 Green Street, Suite 1104, New York, NY 10012.

6.      Defendant Haute Living Inc. is a corporation formed and existing under the laws of the State of Florida, with its principal office at 3050 Biscayne Boulevard, Suite 400, Miami, Florida 33137.

## JURISDICTION AND VENUE

7.      This Court has original subject matter jurisdiction over the copyright claims in this case pursuant to 17 USC § 501(a), as amended.

8.      This Court has personal jurisdiction over Defendant Haute Media LLC because it is a limited liability company duly formed and existing under the laws of the State of New York, is located in New York, and conducts and at all times relevant hereto has conducted business within this judicial district.

9.      This Court has personal jurisdiction over Defendant Kamal Hotchandani because at all times relevant hereto he has conducted business within this judicial district through his companies, Haute Media Group and Haute Living Media Group.

10.      This Court has personal jurisdiction over Defendant Seth Semilof because at all times relevant hereto he has conducted business within this judicial district through his companies, Haute Media Group, Haute Living Media Group, and Haute Living.

11.     This Court has personal jurisdiction over Defendant Haute Living Inc. because it is a corporation duly formed and existing under the laws of the State of Florida, and at all times relevant hereto has conducted business within this judicial district.

12.     Venue is proper pursuant to 28 USC §§ 1391 and 1400 because a substantial part of the events giving rise to the claim occurred in this judicial district.

## FACTUAL ALLEGATIONS

<u>Plaintiff's Photography</u>

13.     Plaintiff is in the business of creating photographic images of concerts and special events, as well as images of land-based geographic features and architectural structures taken from terrestrial as well as aerial vantage points such as commercial and private aircraft.

14.     Plaintiff features many of his photographs on his website, www.performanceimpressions.com, and on social media such as Flickr.

15.     Plaintiff's website features his contact information and the licensing procedures for use of his photographs.

<u>Plaintiff's Copyright - VA 1-176-941</u>

16.     On June 11, 2014, Plaintiff obtained U.S. Copyright Registration VA 1-176-941 entitled "2014 Spring Photography Adventures by David Oppenheimer" and consisting of a grouping of photographs (the "**2014 Copyright Registration**").  A copy of the 2014 Copyright Registration is attached hereto as <u>Exhibit A</u>.

17.     The 2014 Copyright Registration includes an aerial photograph of the city of White Plains, New York taken in May 2014 (the "**White Plains Photograph**").  A copy of the White Plains Photograph is attached hereto as <u>Exhibit B</u>.

3

18.     The 2014 Copyright Registration, which is publicly available, provides the contact information to obtain "rights and permissions" to license the White Plains Photograph.

19.     The 2014 Copyright Registration lists David Gordon Oppenheimer as both the Author and Claimant.

20.     The 2014 Copyright Registration designates Performance Impressions LLC as the licensee of the works on deposit with the registration.

21.     The 2014 Copyright Registration grants Rights and Permissions to Performance Impressions LLC, but not to any other individual or entity.

22.     The White Plains Photograph was displayed on Plaintiff's website[1] bearing the watermark "© 2014 David Oppenheimer" and also providing the contact information to obtain "rights and permissions" to license the White Plains Photograph.

23.     The White Plains Photograph is wholly original and copyrightable subject matter under the United States Copyright Act, and has economic value.

Plaintiff's Copyright - VAu 1-102-583

24.     On May 19, 2012, Plaintiff obtained U.S. Copyright Registration VAu 1-102-583 entitled "Travel and Event Photography by David Oppenheimer" consisting of a grouping of photographs (the "**2012 Copyright Registration**").  A copy of the 2012 Copyright Registration is attached hereto as Exhibit C.

25.     The 2012 Copyright Registration includes a photograph of Larchmont Manor Park taken by Plaintiff in May 2012 (the "**Larchmont Photograph**").  A copy of the Larchmont Photograph is attached hereto as Exhibit D.

---

[1]www.performanceimpressions.com/travel_photography_spring_2014/content/White_Plains_NY_DSC8429_large.html

26.     The 2012 Copyright Registration, which is publicly available, provides the contact information to obtain "rights and permissions" to license the Larchmont Photograph.

27.     The 2012 Copyright Registration lists David Gordon Oppenheimer as both the Author and Claimant.

28.     The 2012 Copyright Registration designates Performance Impressions LLC as the licensee of the works on deposit with the registration.

29.     The 2012 Copyright Registration grants Rights and Permissions to Performance Impressions LLC, but not to any other individual or entity.

30.     The Larchmont Photograph was displayed on Plaintiff's website[2] bearing the watermark "© 2012 David Oppenheimer" and also providing the contact information to obtain "rights and permissions" to license the Larchmont Photograph.

31.     The Larchmont Photograph is wholly original and copyrightable subject matter under the United States Copyright Act, and has economic value.

Defendants' Infringement

32.     Beginning in or around the year 2014, Defendants participated in one or more of the following courses of infringing conduct: the reproduction, distribution, advertising, and promotion of illegal and unauthorized copies of the White Plains Photograph and Larchmont Photograph in the form of websites and social media to promote and advertise Defendants.

33.     These infringements were perpetrated by Defendants on the following webpages:

• www.hauteresidence.com/member/sylvia-woods/

• cdn1.hauteresidence.com/wp-content/uploads/2014/12/rsz_manor-park-in-larchmont-.jpg.pagespeed.ce.i1icimZ14g.jpg

---

[2]www.performanceimpressions.com/Travel_Photography_May_2012/content/Manor_Park_Larchmont_Westchester_New_York_dsc0391_large.html

- cdn1.hauteresidence.com/wp-content/uploads/2014/12/1440x490xWestchester-NY.png.pagespeed.ic.sP2fxUsBT_.webp

- www.prweb.com/releases/2015/01/prweb12424238.htm

34.     Copies of Defendants' infringing uses of the White Plains Photograph are attached hereto as Exhibit E.

35.     Copies of Defendants' infringing uses of the Larchmont Photograph are attached hereto as Exhibit F.

36.     Defendants are not and have never been licensed to use the White Plains Photograph, Larchmont Photograph, or any other photograph registered by Plaintiff with the U.S. Copyright Office.

37.     Defendants' conduct therefore constitutes direct, contributory, vicarious, and willful infringement of Plaintiff's copyrights.

Violations of Digital Millennium Copyright Act

38.     The White Plains Photograph and Larchmont Photograph in their original form contained the above-referenced copyright notices on their respective bottom right hand corners.

39.     In addition to the copyright infringements noted above, Defendants have violated the Digital Millennium Copyright Act (DMCA) by rendering illegible the copyright notice from the White Plains Photograph.

40.     Therefore, in addition to actual damages for copyright infringement, Plaintiff is entitled to statutory damages of up to $25,000 per violation under 17 USC § 1203(c)(3)(B) for the falsifying or deleting of copyright management information.

**AS AND FOR A FIRST CAUSE OF ACTION**
**(Copyright Infringement)**

41.     Plaintiff realleges each and every allegation set forth in paragraphs 1 through 40 as though fully set forth herein, and incorporates those allegations herein by reference.

42.     Plaintiff owns the valid copyrights and registrations which protect the White Plains Photograph and Larchmont Photograph.

43.     Plaintiff's copyright registrations establish *prima facie* evidence of the validity of his copyrights under 17 USC § 410(c).

44.     Plaintiff's copyright registrations establish a public record of his copyright claims.

45.     Plaintiff makes his photographic works available online for a licensing fee.

46.     Plaintiff did not authorize Defendants' copying, modifying, distribution, display, and use of either the White Plains Photograph or Larchmont Photograph.

47.     Pursuant to the Copyright Act, 17 USC § 101 *et seq.*, Defendants have infringed Plaintiff's copyright interests in and relating to the White Plains Photograph and Larchmont Photograph by reproducing, adapting, distributing, and publicly displaying Plaintiff's copyrighted images online.

48.     Defendants' unauthorized and unlicensed infringement of Plaintiff's exclusive rights under the Copyright Act, 17 USC § 106 occurred after Plaintiff's copyright registrations.

49.     Defendants have received financial benefits and profited from the unlicensed exploitation of the copyrighted photographs at issue in this lawsuit.

50.     Alternatively, Defendants have materially contributed to and induced the unlawful use of Plaintiff's copyrights or has failed to exercise its rights and abilities to control the conduct of those responsible for the infringements, thereby deriving a financial benefit from the infringements.

7

51.     Defendants' conduct was either intentional and undertaken with a complete disregard of Plaintiff's rights or, alternatively, Defendants' conduct was willful and undertaken with actual or constructive notice that it was in violation of Plaintiff's rights and done nevertheless in reckless disregard of Plaintiff's copyright interests.

52.     Defendants' wrongful conduct has deprived Plaintiff of the benefit of his exclusive right to distribute, copy, and sell his copyrighted works, and has deprived Plaintiff of the usual and customary licensing fee and royalties to which he would be entitled if the copyrighted works at issue were properly licensed.

53.     Plaintiff is entitled to recover from Defendants the damages, including attorneys' fees, he has sustained and will sustain, and any gains, profits, and advantages obtained by Defendants, as a result of their acts of infringement.

54.     The amount of such damages, gains, profits, and advantages cannot be fully ascertained by Plaintiff at this time.

55.     Alternatively, Plaintiff is entitled at his election to an award of statutory damages based upon the Defendants' acts of infringement.

56.     Plaintiff is entitled to an award of attorneys' fees and costs based upon the Defendants' acts of infringement.

## AS AND FOR A SECOND CAUSE OF ACTION
### (Violations of Digital Millennium Copyright Act)

57.     Plaintiff realleges each and every allegation set forth in paragraphs 1 through 56 as though fully set forth herein, and incorporates those allegations herein by reference.

58.    Defendants have damaged Plaintiff and violated Plaintiff's rights under 17 USC § 1202 by knowingly altering or removing the copyright management information from the White Plains Photograph before posting it online.

59.    Defendants' actions were taken without license, authority, or consent.

60.    Defendants' conduct was knowing, intentional, and willful.

61.    Defendants knew or had reasonable grounds to know that the alteration or removal of the copyright management information would aid its copyright infringement.

62.    Plaintiff has been damaged by Defendants' conduct.

63.    Plaintiff is entitled to damages pursuant to 17 USC § 1203(c)(3)(B).

64.    Plaintiff is entitled to recover attorneys' fees and costs of suit.

**WHEREFORE**, Plaintiff respectfully prays for entry of judgment in his favor or an order providing the following relief against each Defendant, jointly and severally:

a.    An award of statutory damages for infringement of the White Plains Photograph in an amount up to $150,000;

b.    An award of statutory damages for infringement of the Larchmont Photograph in an amount up to $150,000;

c.    An award of damages pursuant to 17 USC § 1203(c)(3)(B) for the removal or alteration of copyright management information from the White Plains Photograph, in an amount up to $25,000;

d.    An award of enhanced statutory damages for knowingly and deliberately copying the White Plains Photograph and Larchmont Photograph;

e.    An award of Plaintiff's actual damages and Defendants' profits;

f.    An award of Plaintiff's attorneys' fees and costs pursuant to 17 USC § 505;

g.    An injunction preventing further infringement of Plaintiff's copyrights; and

h.   Such other relief that this Court finds just and proper.

Dated:  New York, New York
        March 23, 2016

Respectfully submitted,

**LAW OFFICE OF ARIEL BERSCHADSKY**

By:   _____

Ariel Berschadsky, Esq.
30 Wall Street, 8th Floor
New York, NY 10005
Tel: (212) 372-3322
Fax: (212) 214-0827
ab@berschadsky.com
*Attorney for Plaintiff*