UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DAVID GORDON OPPENHEIMER,<br><br>    Plaintiff,<br><br>-against-<br><br>HAUTE MEDIA LLC, KAMAL HOTCHANDANI d/b/a HAUTE MEDIA GROUP d/b/a HAUTE LIVING MEDIA GROUP, SETH SEMILOF d/b/a HAUTE MEDIA GROUP d/b/a HAUTE LIVING MEDIA GROUP d/b/a HAUTE LIVING, and HAUTE LIVING INC.,<br><br>    Defendants. | Civil Action No. 1:16-cv-02176-AJN<br><br>ANSWER<br><br>JURY TRIAL DEMANDED |

1. Admit.

## THE PARTIES

2. Defendants lack sufficient information or belief regarding the allegations in Paragraph 2 of the Complaint, and therefore deny same.

3. Defendants lack sufficient information or belief regarding the allegations in Paragraph 3 of the Complaint, and therefore deny same.

4. Denied.

5. Denied.

6. Admit.

## JURISDICTION AND VENUE

1

7. Admit that this court generally has original subject matter jurisdiction over copyright claims pursuant to 17 U.S.C. 501(a), as amended, but deny that there are any valid causes of action or copyrights at issue.

8. Defendants lack sufficient information or belief regarding the allegations in Paragraph 8 of the Complaint, and therefore deny same.

9. Denied.

10. Denied.

11. Defendants admit that Defendant Haute Living Inc. is a corporation duly formed and existing under the laws of the State of Florida.

12. Defendants lack sufficient information or belief regarding the allegations in Paragraph 3 of the Complaint, and therefore deny same.

## FACTUAL ALLEGATIONS

### Plaintiff's Photography

13. Defendants lack sufficient information or belief regarding the allegations in Paragraph 13 of the Complaint, and therefore deny same.

14. Defendants lack sufficient information or belief regarding the allegations in Paragraph 14 of the Complaint, and therefore deny same.

15. Defendants lack sufficient information or belief regarding the allegations in Paragraph 15 of the Complaint, and therefore deny same.

### Plaintiff's Copyright – VA 1-176-941

16. Defendants lack sufficient information or belief regarding the allegations in Paragraph 16 of the Complaint, and therefore deny same.

17. Defendants lack sufficient information or belief regarding the allegations in Paragraph 17 of the Complaint, and therefore deny same.

18. Defendants lack sufficient information or belief regarding the allegations in Paragraph 18 of the Complaint, and therefore deny same.

19. Defendants lack sufficient information or belief regarding the allegations in Paragraph 19 of the Complaint, and therefore deny same.

20. Defendants lack sufficient information or belief regarding the allegations in Paragraph 20 of the Complaint, and therefore deny same.

21. Defendants lack sufficient information or belief regarding the allegations in Paragraph 21 of the Complaint, and therefore deny same.

22. Defendants lack sufficient information or belief regarding the allegations in Paragraph 22 of the Complaint, and therefore deny same.

23. Denied.

Plaintiff's Copyright – Vau 1-102-583

24. Defendants lack sufficient information or belief regarding the allegations in Paragraph 24 of the Complaint, and therefore deny same.

25. Defendants lack sufficient information or belief regarding the allegations in Paragraph 25 of the Complaint, and therefore deny same.

26. Defendants lack sufficient information or belief regarding the allegations in Paragraph 26 of the Complaint, and therefore deny same.

27. Defendants lack sufficient information or belief regarding the allegations in Paragraph 27 of the Complaint, and therefore deny same.

28. Defendants lack sufficient information or belief regarding allegations in Paragraph 28 of the Complaint, and therefore deny same.

29. Defendants lack sufficient information or belief regarding the allegations in Paragraph 29 of the Complaint, and therefore deny same.

30. Defendants lack sufficient information or belief regarding the allegations in Paragraph 30 of the Complaint, and therefore deny same.

31. Denied.

### Defendants Infringement

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Defendants lack sufficient information or belief regarding the allegations in Paragraph 36 of the Complaint, and therefore deny same.

37. Denied.

### Violations of Digital Millennium Copyright Act

38. Defendants lack sufficient information or belief regarding the allegations in Paragraph 38 of the Complaint, and therefore deny same.

39. Denied.

40. Denied.

## AS AND FOR A FIRST CAUSE OF ACTION
**(Copyright Infringement)**

41. In response to Paragraph 41, Defendants incorporate by reference the preceding responses.

42. Defendants lack sufficient information or belief regarding the allegations in Paragraph 42 of the Complaint, and therefore deny same.

43. Defendants lack sufficient information or belief regarding the allegations in Paragraph 43 of the Complaint, and therefore deny same.

44. Defendants lack sufficient information or belief regarding the allegations in Paragraph 44 of the Complaint, and therefore deny same.

45. Defendants lack sufficient information or belief regarding the allegations in Paragraph 45 of the Complaint, and therefore deny same.

46. Defendants lack sufficient information or belief regarding the allegations in Paragraph 46 of the Complaint, and therefore deny same.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

## AS AND FOR A SECOND CAUSE OF ACTION

### (Violations of Digital Millennium Copyright Act)

57. In response to Paragraph 57, Defendants incorporate by reference the preceding responses.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim upon which relief may be granted.

2. The Complaint fails to state facts sufficient to constitute any claim upon which relief may be granted.

3. Plaintiff's claims are barred for a lack of subject matter jurisdiction because his lacks valid copyright registrations for the intellectual property rights asserted, or has not timely or properly registered his works.

4. Defendants' allege that their conduct constitutes fair use, if any, of Plaintiff's purported copyright works.

5. Defendants' allege that their conduct constitutes a *de minimus* use, if any, of Plaintiff's purported copyright works.

6. Plaintiff's claims are barred in whole or in part due to the doctrine of unclean hands.

7. Plaintiff lacks standing because it has failed to establish any rights in the photographs in its copyrights.

8. Plaintiff lacks standing, and/or its claims are barred, because the photographs in Plaintiff's copyrights are in the public domain, and are not protectable.

9. Plaintiff lacks standing, and/or its claims are barred, because it is not the rightful owner of the photographs in its copyrights.

10. Plaintiff lacks standing, and/or its claims are barred, because it is not the author of the photographs in its copyrights.

11. Plaintiff's copyright registrations are invalid and/or unenforceable.

12. Plaintiff's Complaint, and each purported cause of action or claim for relief therein, is barred in whole or in part because Plaintiff's injuries, damages, or losses, if any exist, are the direct and proximate result of the acts, omission, or negligence of persons or entities other than Defendants.

13. If Defendants infringed any copyright interest allegedly held by Plaintiff, Defendants did so with innocent intent.

14. Plaintiff's claims are barred, in whole or part, because Defendants' conduct was in good faith and with non-willful intent, at all times.

15. Plaintiff's claims are barred because the alleged infringement was not caused by a volitional act attributable to Defendants.

16. Plaintiff's claims are barred under 17 U.S.C. § 109 and the doctrine of exhaustion.

17. Plaintiff's claims are barred to the extent that Defendants' actions and speech are protected by the First Amendment of The Constitution of the United States.

18. Plaintiff's claims are barred because statutory damages sought are unconstitutionally excessive and disproportionate to any actual damages that may have been sustained in violation of the Due Process clause.

19. Plaintiff failed to protect and/or enforce its alleged rights, and/or engaged in conduct and activities sufficient to constitute a waiver of any alleged breach of duty, negligent act, omission, or any other conduct, if any, as set forth in the Complaint.

20. Plaintiff, though under an affirmative duty to do so, failed and neglected to mitigate its alleged damages, if any, and cannot recover against Defendants, whether as alleged or otherwise.

21. Plaintiff's claims are barred in whole or in part due to the doctrine of laches.

22. Plaintiff's claims are barred in whole or in part due to Plaintiff's acquiescence, as well as, the doctrine of estoppel.

23. Plaintiff's claims are barred by the applicable statutes of limitations, including but not limited to 17 U.S.C. § 507.

24. Plaintiff's claims are barred by the doctrine of merger.

25. Plaintiff's claims are barred in whole or in part because Plaintiff has forfeited or abandoned its copyrights and or intellectual property in the asserted works.

26. Plaintiff has not suffered irreparable harm sufficient to warrant injunctive relief.

27. Plaintiff's copyright claims should be dismissed because Defendants have not infringed the alleged copyrights at issue herein.

28. Plaintiff's claims are barred under the Digital Millennium Copyright Act, including but not limited to 17 U.S.C. § 512.

29. Plaintiff's claims are barred under the doctrine of misuse of copyright.

30. Plaintiff's claims are barred because Plaintiff cannot establish that the Defendants' products and services are incapable of substantial non-infringing use.

31. Plaintiff authorized, directly, indirectly, impliedly and or explicitly, Defendants' use of his works, and his claims are therefore barred by the doctrine of implied license.

32. Defendants presently have insufficient knowledge or information on which to form a belief as to whether they may have additional, as yet unstated, affirmative defenses available. Defendants reserve the right to assert additional defenses, including but not limited to, res judicata and collateral estoppel, in the event that the discovery indicates that they would be appropriate.

## PRAYER FOR RELIEF

**WHEREFORE**, Defendants pray for judgment as follows:

1. That Plaintiff take nothing by the Complaint and that judgment be rendered in favor of Defendants;

2. That Plaintiff be ordered to pay Defendants' attorneys' fees and costs;

3. That Plaintiff's claimed rights be declared invalid, void, and of no force and effect; and

3. For such other and further relief as the court deems just proper.

## JURY DEMAND

Defendants demand a trial by jury on all issues so triable.

Date: July 1st, 2016
New York, NY

FELDMAN LAW GROUP, P.C.

By: _____
Steven M. Crosby (SC-1204)
Stephen E. Feldman (SF-5630)
FELDMAN LAW GROUP, P.C.
220 East 42nd Street, Suite 3304
New York NY 10017
Tel: 212-532-8585
*smcrosby@feldman-law.com*
*sfeldman@feldman-law.com*

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

    I hereby certify that on the 1st day of July, 2016, Defendants Haute Living, Inc., Seth Semilof and Kamal Hotchandani filed a true and correct copy of its Answer against Plaintiff Gordon Oppenheimer by using the Electronic Case Filing System on:

*(Counsel for Plaintiff Gordon Oppenheimer)*
Ariel Berschadsky, Esq.
30 Wall Street, 8th Floor
New York, NY 10005
Tel: (212) 372-3322
Fax: (212) 214-0827
ab@berschadsky.com
*Attorney for Plaintiff*

Steven M Crosby, Esq.
Feldman Law Group P.C.
220 E 42nd Street – Suite 3304
New York, NY 10017
Tel: 212-532-8585
Fax: 212-532-8598
smcrosby@feldman-law.com

*Attorneys for Defendants*